IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN PIERRE BANEY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:14-CV-1795-P-BK |
| | § | |
| SANJO SECURITY SERVICES, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff filed a *pro se* complaint against Sanjo Security Services and a motion to proceed *in forma pauperis*, which were automatically referred to the Magistrate Judge. *See* 28 U.S.C. 636(b) and Special Order 3. For the reasons that follow, it is recommended that this action be dismissed.

Due to his history of filing frivolous cases and continued abuse of the judicial system, Plaintiff is barred from bringing any further civil action of any kind in the Northern District of Texas without first obtaining the permission of a district judge or magistrate judge. *See Baney v. Holder*, No. 3:12-cv-5140-N-BN, 2013 WL 875285 (N.D. Tex. Mar. 11, 2013). Plaintiff must also pay a $100 sanction prior to filing any new case in this Court. *See Baney v. Holder*, 3:12-cv-5142-M-BF, 2013 WL 1103277 (N.D. Tex. Feb 12, 2013), *accepting recommendation*, 2013 WL 1123679 (N.D. Tex. Mar. 18, 2013).

Since Plaintiff has neither sought permission to file nor paid the $100 sanction, he is barred from filing this action in this Court. Accordingly, it is recommended that Plaintiff's

1

motion to proceed *in forma pauperis* be **DENIED**, and that this action be **DISMISSED without prejudice** for failure to comply with this Court's sanction orders.

SIGNED May 20, 2014.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE